COLIN M. RUBICH
ZENO B. BAUCUS
TIMOTHY TATARKA
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: colin.rubich@usdoj.gov
       zeno.baucus@usdoj.gov
       timothy.tatarka@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA



Case 1:22-cr-00142-DLC   Document 2   Filed 12/15/22   Page 1 of 9

FILED
DEC 15 2022
Clerk, U.S. District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 22-142-BLG-DLC |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| CURTIS FLOYD, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Colin M. Rubich, Zeno B. Baucus, and Timothy Tatarka, Assistant United States Attorneys for the District of Montana, and the

defendant, Cutis Floyd, and the defendant's attorneys, Kevin McGreevy and David Merchant, have agreed upon the following:

1.  **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:**  The defendant agrees to plead guilty to the information. The information charges the crime of conspiracy to submit false statements in mine records in violation of 18 U.S.C. § 371. The charge carries a maximum term of imprisonment of five years, a $250,000 fine, three years of supervised release, and a $100 special assessment.

3.  **Nature of the Agreement:**  The parties agree that this plea agreement shall be filed and become a part of the record in this case and will be governed by Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*. The defendant and the United States agree that a specific disposition of a term of probation, with no agreement as to any other term, is appropriate in this case. The defendant understands that if the agreement is accepted by the Court, the defendant will not have an automatic right to withdraw the guilty plea. Rule 11(d)(2)(A), Federal Rules of Criminal Procedure. If the Court rejects the agreement, pursuant to Rule

| CME | CF | /s/ | December 5, 2022 | |
|---|---|---|---|---|
| AUSA | DEF | ATTY | Date | Page 2 |

11(c)(5), Federal Rules of Criminal Procedure, the defendant will be able to withdraw the plea and the parties will proceed to trial.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the information. In pleading guilty to the information, the defendant acknowledges that:

**First**, there was an agreement between two or more people to make false statements in mine records in violation of 30 U.S.C. § 820(f);

**Second**, the defendant entered into the agreement knowing of its objectives and intending to accomplish at least one of those objectives; and

**Third**, that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

5. **Waiver of Rights by Plea:**

(a)  The defendant is entitled to have the charges outlined in the information filed in this case prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e)  The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f)  If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h)  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The

defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend that the specific sentence of a term of probation is appropriate in this case. The United States will also recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations, but he can withdraw his guilty plea if the Court does not accept the plea agreement and impose a sentence of three years of probation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.   **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9.   **Completion of Prosecution:** The United States agrees that if the defendant complies with his obligations under the plea agreement, it will not charge the defendant with any non-violent criminal offense in violation of federal law that was committed within the Western District of Virginia or the District of Montana prior to the execution of this agreement, and about which the United States Attorney's Offices executing this document were aware prior to such execution. However, the United States expressly reserves its right to prosecute the defendant for any crime of violence, as defined in 18 U.S.C. § 16.

10.  **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to

induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

11. **Detention/Release After Plea:** The United States agrees to recommend that the defendant will remain free on bond pending sentencing, provided he continues to abide by the conditions set by the court for his release. The United States further agrees to recommend that the defendant be allowed to self-report to the Bureau of Prisons if he is required to be incarcerated provided that he has fully abided by the conditions of his release at time of his sentencing.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

///

///

///

///

///

///

///

///

///

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| *[signature]* | *CF* | *[signature]* | December 5, 2022 |

Page 8

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
COLIN M. RUBICH
ZENO BAUCUS
TIMOTHY TATARKA
Assistant U.S. Attorney
Date: 12/15/22

_____
CURTIS FLOYD
Defendant
Date: 12-5-2022

_____
KEVIN MCGREEVY
DAVID MERCHANT
Defense Counsel
Date: December 5, 2022